**OTTERBEIN PRESS, .Appellant v EVATT, Appellee.**

Board of Tax Appeals

No. 5423. Decided May 5, 1943.

Coolidge & Becker, Dayton, for appellant.

Thos. J. Herbert, Atty. Gen., Columbus; Perry L. Graham, Asst. Atty. Gen., and Stanley J. Bowers, Special Counsel to the Attorney General, for the appellee.

## ENTRY

This cause and matter came before the Board of Tax Appeals on an appeal filed herein by the appellant, above named. under date of March 20, 1942, from an order of the tax commissioner under date of February 24, 1942, denying an application theretofore filed by the appellant for a review and redetermination of certain tax assessments theretofore made by the tax commissioner for the years 1939, 1940 and 1941 on tangible personal property used by said company in its business. Said cause was heard by the Board on said appeal, upon the files and other original papers of the tax commissioner relating to said assessments, upon a transcript of the proceedings of the tax commissioner upon the application for review and redetermination filed by the appellant, on a stipulation of facts filed herein, and upon the arguments and briefs of counsel.

On consideration of the case thus submitted, the Board of Tax Appeals finds that The Otterbein Press, the appellant herein, was incorporated on or about February 11, 1935, as a corporation not for profit and as such is the successor of "The Printing Establishment of the United Brethren in Christ", as the official church publishing organ or agent of the United Brethren Church; and that as such successor the appellant took over and succeeded to all of the real and personal property theretofore owned by the Printing Establisment of the United Brethren in Christ and used by it in the printing and publishing activities of said church.

The appellant corporation did not file intangible and personal property tax returns for any of the years 1939, 1940 or 1941. By reason of this fact the tax commissioner on September 10, 1941, following the decision of the Supreme Court of this state in the case of **Zindorf et al. v The Otterbein Press, 138 Oh St 287,** holding that the real property owned by appellant and used in its printing and publishing business was not used exclusively for charitable purposes and was, therefore, subject to taxation, made and certified tax assessments against the appellant for the years 1939, 1940 and 1941, respectively, on the intangible property of the appellant and upon its personal property used in such printing and publishing business. In and by these assessment orders, which were made by the tax commissioner under the authority of §§5376 and 5395 GC, taxes were assessed and extended against the credits, as intangible property, of the appellant corporation for each of said tax years; and, likewise, assessments were thereby made against its personal property consisting of machinery and equipment, inventories and

furniture and fixtures used in business in and for said respective tax years; and as to each of such years the true value of such personal property used in business was found to be such that at the taxable valuation percentage rates provided by law with respect to taxpayers engaged in business of this kind, the taxable or list valuation of the personal property of the appellant as assessed by the tax commissioner was, as to each of said tax years, as follows: For the year 1939, $133,460.00; for the year 1940, $152,370.00; for the year 1941, $165,640; and upon the taxable valuations of such personal property, so determined, the tax commissioner extended taxes for each of such tax years at the local tax rates in Dayton City Taxing District for said several and respective years.

Apparently, no question was made by the appellant as to the tax assessments made by the tax commissioner on its intangible property for the years 1939, 1940 and 1941. However, the appellant did complain of the assessment of its personal property for said years, and on October 1, 1941, the appellant, under the provisions of §5394 GC, filed with the tax commissioner an application "for review and redetermination of. the preliminary assessments of tangible personal property for the years 1939, 1940 and 1941, on the ground that the sums are excessive and were issued contrary to law". On February 24, 1942, the tax commissioner denied appellant's application for a review and redetermination of the tax assessments complained of in said application; and on March 20, 1942, the appellant filed with the Board of Tax Appeals the appeal above referred to, which appeal is on the grounds set out in the notice of appeal as follows:

"(a) The Tax Commissioner's attempt in this instance to assess personal property taxes against the appellant for the years 1939 and 1940 is made without statutory power or authority and is; therefore, null and void.

"(b) The action of the Tax Commissioner in denying appellant's application for review and redetermination of the assessments for the years 1939 and 1940 is erroneous and illegal, in that in so doing the Tax Commissioner has applied retroactively the provisions of §5570-1 GC, contrary to the provisions of the Constitutions of the State of Ohio and of the United States."

It is thus seen that the appellant in filing this appeal with the Board of Tax Appeals abandoned all questions with respect to the validity of the tax commissioner's assessment against appellant's personal property for the year 1941, and likewise abandoned the question that the appellant may have theretofore presented to the tax commissioner with respect to the taxable or list valuation of appellant's personal property for the years 1939 and 1940. And the only question now presented to the Board of Tax Appeals on this appeal is as to the authority of the tax commissioner to make any

assessment on appellant's personal property for the tax years 1939 and 1940.

As before noted, the tax assessments here in question were made by the tax commissioner under the authority of §5395 GC, the pertinent provisions of which are to be read in connection with the more general provisions of §5376 GC, so far as the same are applicable in the consideration of this case. **Section 5376 GC** provides:

"Except as to property listed in returns which the county auditor is required to assess as its deputy, the commission (tax commissioner) shall assess all taxable property as defined in this chapter and shall list and assess all such property which is not returned for taxation and for that purpose shall have and exercise all powers whatsoever in it vested by any provision of law for any purpose relating to any other law which the commission (tax commissioner) is required to administer. The action of the assessor in assessing taxable property under this chapter shall be taken with respect to the taxable property required to be listed in a return, whether so listed or not, and whether such return has been made or not."

**Section 5395 GC**, which, perhaps, is more specifically applicable with respect to the tax assessments here in question, provides, so far as the same is pertinent to this case, as follows:

"Excepting as to any taxable property concerning the assessment of which an appeal has been filed under §5611 GC, the tax commissioner may finally assess the taxable property required to be returned by any taxpayer, financial institution or dealer in intangibles with respect to which a preliminary or amended assessment, as the case may be, has been made by or certified to a county auditor or certified to the auditor of state, as the case may be, for any prior year or years within the time limited therefor in §5377 GC; and, at any time, may finally assess the taxable property of a taxpayer, financial institution or dealer in intangibles who has failed to make a return to a county auditor or to the department of taxation in any such year or years. For such purpose the commissioner may utilize all facts or information coming to his knowledge or which he may acquire by the exercise of the powers vested in him by law, and shall certify a final assessment certificate in such form as the case may require in the manner prescribed by law, giving notice thereof by mail to the taxpayer, financial institution or dealer in intangibles."

That The Otterbein Press, the appellant herein, was at that time the owner of the machinery and equipment and other personal property used in its printing and publishing business in the years 1939 and 1940 is not questioned in this case. And it is not now contended that this property was used by the appellant in and during said

years for any purpose or purposes which made such property exempt from taxation. In view of these facts and the further admitted fact that the appellant did not file any intangible and personal property tax return for either of said years, no conceivable question could be made as to the authority of the tax commissioner under the provisions of §§5376 and **5395 GC**, to make and certify tax assessments against this property of the appellant for the years 1939 and 1940, were it not for the fact that in and during said years this property was on the tax exempt list of Montgomery County, Ohio, by reason of an order of the tax commission exempting this property from taxation for a previous tax year. As to this, it appears that on January 31, 1936, The Printing Establishment of the United Brethren in Christ, the predecessor of The Otterbein Press, as the printing and publishing agent of the United Brethren Church, filed an application with the tax commission for the exemption of personal property at that time used in said business, which personal property and the assessed valuation thereof were described and set out therein as being tangible personal property schedule 2 (machinery and equipment) assessed value $57,280.00; tangible personal property schedule 3 (inventory) assessed value $37,510.00. On March 4, 1936, the tax commission acting on said application, made and entered an order finding that said property was used for charitable purposes and exempting the same as the property of "United Brethren in Christ-Printing Establishment" from taxation for the tax year 1935 "and thereafter as long as said property is used for the purpose stated in the application on which this exemption is granted". In the agreed statement of facts filed herein it is stated that this exemption order so made by the tax commission was issued through inadvertence in the name of United Brethren in Christ-Printing Establishment, and it is therein stipulated "that said order shall be considered as issued to appellant, The Otterbein Press". In view of the fact that the application for the tax exemption therein requested was filed by the predecessor corporation and not by The Otterbein Press, the appellant herein, and on consideration of the fact that the tax commission could speak only through its journal (§1465-4 GC) and of the further fact that said order of the tax commission under date of March 4, 1936, above referred to, was never corrected so as to evidence an intention on the part of the tax commission to exempt this property for the year 1935 and thereafter as the property of The Otterbein Press, there may be some doubt as to the efficacy in point of law of the concession as to this matter made in the stipulation or agreed statement of facts, above referred to. However this may be, it appears as a fact in this case that the county auditor, following the order of the tax commission exempting from taxation the personal property therein described for the year 1935, placed this property on the tax exempt list of the county, as provided for by the then provisions of §5570-1 **GC.** Whether such personal property was carried on the tax ex-

empt list in the name of The Otterbein Press, the appellant herein, or in the name of the predecessor corporation, above referred to, does not appear; but it does appear from the facts of this case that this property was thereafter carried on such tax exempt list without assessment of taxes thereon until September 10, 1941, when the tax commissioner, acting under the authority of §§5376 and 5395 GC, made and issued the assessment certificates here in question, assessing this property as the property of the appellant for the tax years 1939 and 1940, respectively. And the sole question presented in this case is whether the fact that this property was carried on the tax exempt list of the county in and during the years 1939 and 1940 pursuant to its prior entry on such list by the county auditor under the then provisions of §5570-1 GC, negatived or otherwise affected the authority of the tax commissioner to make the assessment orders herein complained of, assessing this property for said tax years.

Section 5570-1 GC, as the same read at the time the tax commission made its order exempting this property from taxation for the year 1935 and thereafter, and at the time the county auditor, pursuant to its provisions. entered this property on the tax exempt list of the county, provided, inter alia and so far as the same is here pertinent, as follows:

"It shall be the duty of the county auditor to make a list of all the property, both real and personal, in his county, and including moneys, credits and investments in bonds, stocks, or otherwise, which is exempted from taxation under §§3410-6, 4759, 5349, 5350, 5351, 5352, 5353, 5353-1, 5356, 5357, 5359, 5361, 5362, 5363, 7915-1, 10093, 10101, 10105 and 10192 GC.

"What list must show. In each case in addition to the name of the owner, such list shall show the value of the property exempted and a statement in brief form of the reason for or ground on which such exemption has been granted. It shall be corrected annually by adding thereto such items of property as may have been exempted during the year and by striking therefrom such items as shall have lost their right of exemption and which shall be reentered on the taxable list.

"Corrections. After this act (§§5351, 5353 and 5570-1 GC) takes effect no additions shall be made to such exempt lists nor additional items of property exempted under any of the sections enumerated herein without the consent of the tax commission, but when any personal property or endowment fund of an institution has once been held by the tax commission to be properly exempt from taxation, it shall not be necessary to obtain the commission's consent to the exemption of additional property or investments of the same kind belonging to the same institution; but such property shall appear on the abstract filed annually with the commission."

Giving effect to the provisions of this section of the General Code to the facts of this case as this section and §5616 GC, related thereto, have been construed by applicable and authoritative court decisions, it must be held, as a matter of law, that the order of the tax commission exempting this property from taxation for the year 1935, whether such order was one made by said body under the assumed authority of the then provisions of §5570-1 GC, or of §5616 GC, was legally effective only as an exemption of the property from taxation for the particular year in and for which the exemption was granted; and the provision in said order purporting to exempt this property "thereafter as long as said property is used for the purpose stated in the application on which this exemption is granted", was and is without any legal effect whatever with respect to the question of the taxability of the property in any subsequent year or years. **State ex rel Methodist Book Concern v Guckenberger, Aud., 57 Oh Ap 13, 19, 20, affirmed State ex rel Methodist Book Concern v Guckenberger, Aud., 133 Oh St 27; Pfeiffer et al v Jenkins et al, Board of Tax Appeals, 141 Oh St 66.**

It is pertinent to note in this connection (as this Board had occasion to observe in its decision in the case of **Zindorf v The Otterbein Press, 18 OO 65, 67**) that at the time of the original enactment of §5570-1 GC, and thereafter until the enactment of the Intangible and Personal Property Tax Law in the year 1931, **114 O. L. 714, et seq.,** the county was the unit for the assessment of tangible and intangible personal property, as well as real property; and as to this it was provided that "the county auditor, in addition to his other duties, shall be the assessor for and shall list and value for taxation all such (personal) property within his county". See **Section 5367 GC,** as enacted April 24, 1925, **111 O. L. 487.** Tangible personal property (as well as intangible property), as in the case of real property, was assessed for taxation on a valuation basis; and taxes were extended against such property by the county auditor by a separate list upon the real and personal property tax list and duplicate which the county auditor was authorized and required to prepare annually under the then provisions of §2583 GC. If, after the enactment and effective date of the Intangible and Personal Property Tax Law, as before the enactment of said law, the county wore the unit with respect to the taxation of personal property and the county auditor continued to be the assessor for such property and were required to list and value the same for taxation, it would have been the duty of the county auditor to list and value this personal property of The Otterbein Press for taxation in its name as the owner thereof for the tax years 1939 and 1940, respectively—as much so as, according to the decision of the Supreme Court in the case of **Zindorf v Otterbein Press, 138 Oh St 287,** it was his duty to list for taxation on the tax list and duplicate of said county the land and building of the appellant in and upon

which the personal property here in question was housed and used, although such real property, as in the case of the personal property here in question, had previously been exempted from taxation by an order of the tax commission and had been entered on the tax exempt list of the county.

In this situation and in the light of the applicable provisions of the Intangible and Personal Property Tax Law above referred to, it remains for us to consider the question as to what significance, if any, with respect to the question at hand, is to be given to the fact and circumstance that this personal property of the appellant was on the tax exempt list of the county during the years 1939 and 1940. By the Intangible and Personal Property Tax Law "personal property" was defined for tax purposes so as to include, so far as any question here presented is concerned, "every tangible thing being the subject of ownership, whether animate or inanimate, * * * not forming part of a parcel of real property". **Section 5325 GC.** And as previously noted by this Board in its decision in the case of **Zindorf v Otterbein Press, 18 OO 65, 68,** comprehensive provisions were made for the assessment of both "personal property" and all intangible or "classified" property on returns of such property to be made annually by the taxpayer; and in this connection provision was made for the taxation of "all personal property located and used in business in this state". **Section 5328 GC.** Under the provisions of §5368 GC, intangible and personal property is to be listed with respect to ownership or control, valuation and taxing district as of the first day of January, annually, and by §5367 GC, it is provided, generally, that returns of such property for taxation shall be made annually between the 15th day of February and the 31st day of March. **Section 5371 GC,** requires personal property used in business to be listed and assessed in the taxing district where such business is carried on; and by §5372 and other related sections of the General Code, it is provided that each taxpayer (other than a corporation making a combined or consolidated return) "shall make a return, annually, to the county auditor of each county in which any taxable property which he is required to return is required by this chapter to be listed, * * * and shall truly and correctly list therein all taxable property so required to be listed".

Although under the provisions of §5372 and other related sections of the General Code, all intangible and personal property tax returns, other than combined or consolidated corporation returns, are to be filed by the taxpayer with the county auditor, assessments of the property listed in such returns and the making of assessment certificates therefor were in all cases (with certain exceptions not here important) made by the tax commission (or tax commissioner). See **Sections 5372-3 and 5376 GC.**

**Section 5671-1 GC,** so far as the same is here pertinent, provides as follows:

"Each person filing a return for taxation with a county auditor pursuant to any provision of chapter three of this title shall, at the time of filing the same, pay to the treasurer of the county in which the same is filed, on account of taxes assessable on such return, the following amounts:

"With respect to the taxable property mentioned in §5328 GC, excepting real property, a sum equal to one-half of the taxes to which the value thereof as listed in the return would be subject, at the aggregate rate or rates applicable thereto; with respect to all taxable property mentioned in §5638 GC a sum equal to one-half of the taxes to which the amount and/or value thereof as listed in the return would be subject, at the rate or rates imposed by law on such property."

The taxable property mentioned in §5328 GC, referred to in §5671-1 GC, above quoted, is "personal property" as the same is defined in §5325 GC; and the taxable property mention in §5638 GC, likewise referred to in this section, is intangible or classified property.

Under the provisions of §5377 GC, the tax commission (now tax commissioner) is required to transmit to the county auditor each year at the time specified in said section the preliminary and corrected tax assessment certificates made and issued by the tax commission (tax commissioner) with respect to the personal property assessed for taxation for the current year; which preliminary and corrected tax assessment certificates. together with those made and issued by the county auditor as the deputy of the tax commission (tax commissioner), are used by the county auditor in making up his annual personal property tax list and duplicate, which tax list and duplicate is more particularly provided for by §2584 GC.

It is thus seen that since the enactment of the Intangible and Personal Property Tax Law in the year 1931, the county auditor, as such, does not have any independent authority to list property on the personal property tax list and duplicate of the county; but since the enactment of said law he could place such property on the personal property tax list and duplicate only after the taxes have been assessed thereon by the tax commission (now tax commissioner) or by himself as deputy of the tax commission (or tax commissioner). Speaking with respect to the machinery and equipment and other property of the appellant here in question, the same could have been assessed in the year 1939 only by the tax commission or by the tax commissioner as the successor of that body; and this property could have been assessed in the year 1940 only by the tax commissioner. In this view and by reason of the fact that this property of the appellant was not assessed by either the tax commission or by the tax commissioner in 1939, and for this reason the county auditor had no authority to place this property on the tax list and duplicate of the county for

the year 1939, the Board of Tax Appeals in its decision in the case of **Zindorf v The Otterbein Press, 18 OO 65,** supra, dismissed a complaint filed by Zindorf and other taxpayers of Montgomery County for an order of this Board requiring this property of the appellant to be placed upon the personal property tax list and duplicate of the county for said year.

However, it does not follow from the fact that the county auditor had no authority to list the property here in question on the tax list and duplicate of the county for the years 1939 and 1940 and thereby effect a removal of the property from the tax exempt list, that this property was not taxable in and for said years. **Section 5328 GC,** as amended in and by the Intangible and Personal Property Tax Law, above referred to, provides that "all personal property located and used in business in this state * * * shall be subject to taxation, regardless of the residence of the owners thereof".

Since, as above noted, the order of the tax commission ▮▮▮▮▮▮ ▮ exempting this property from taxation for the year 1933 and "thereafter" did not as a matter of law, effect an exemption of the property from taxation for the years 1939 and 1940 and since, further; it is not now contended that this property was owned and used for a tax exemptible purpose in either the year 1939 or the year 1940, it follows that it was the duty of the appellant, as the owner of this property, to return the same for taxation in and for each of said years notwithstanding the fact that the appellant at this time erroneously, but in good faith, believed that the use of the property was such as to exempt it from taxation.

Notwithstanding the fact that the appellant failed to ▮▮▮▮▮▮ ▮ file tax returns for the years 1939 and 1940, the tax commission and the tax commissioner, as the successor of that body, had authority to assess this property for said respective and then current years. See **Section 5376 GC.** And by reason of the fact that the appellant did not file tax returns for the years 1939 and 1940 and list this property for taxation in said years, the tax commissioner under the specific provisions of §5395 GC, was authorized to make in the year 1941 the assessment orders and certificates here in question. assessing this property for said years 1939 and 1940, respectively.

In this connection we have to say that we are wholly unable to apprehend any point whatever in appellant's averment in its appeal filed herein that the action of the tax commissioner in denying appellant's application for a review and redetermination of the assessments for the years 1939 and 1940 was erroneous and illegal, "in that in so doing the tax commissioner has applied retroactively the provisions of §5570-1 GC, contrary to the provisions of the Constitutions of the State of Ohio and of the United States". As to this, it is quite obvious on the consideration of the facts of this case that the tax commissioner in making the tax assessments here in question, did not act under the provisions of §5570-1 GC at all. But it does appear that the tax commissioner on the consideration of

the admitted fact that the appellant did not file any tax returns of its intangible and personal property for the years 1939 and 1940, and acting on the view indicated by the decision of the Supreme Court in the case of **Zindorf v The Otterbein Press, 138 Oh St 287,** that the machinery and equipment and other personal property of the appellant were not used for a purpose that would give the same a right to an exemption from taxation, assessed this property for taxation for the years 1939 and 1940, as he was specifically authorized to do by the provisions of §5395 GC, above quoted and referred to.

It is, perhaps, pertinent to note in this connection that §5570-1 GC, was amended by an Act of the 94th General Assembly effective under date of August 21, 1941, prior to the time when the tax commissioner made and issued the assessment certificates here in question. By this section of the General Code as amended (119 O. L. 336) certain limitations were placed on the power and authority of the Board of Tax Appeals with respect to orders made by said Board under the authority of this section exempting property from taxation. In other respects and save as to the reference therein to the Board of Tax Appeals instead of to the tax commission, the provisions of the section as amended are substantially the same as those in the original Act, and do not in any wise affect the construction heretofore placed on the provisions of said section that an order made under the authority of said provisions consenting to the exemption of property from taxation in and for a particular year is not effective as an exemption of such property from taxation in a year subsequent to that in and for which the order was made. See **State ex rel v Spiegel, 91 Oh St 13, 19, 20; In re Allen, 91 Oh St 315; In re. Hesse, 93 Oh St 230.**

On the considerations above noted the Board of Tax Appeals finds that the tax commission did not err in making the tax assessments complained of in this appeal or in denying the application for review and redetermination filed by the appellant with respect to said tax assessments; and it is by this Board considered and ordered that said tax assessments and the order of the tax commissioner denying said application for review and redetermination be, and the same hereby are, affirmed.

THE BOARD OF TAX APPEALS.